**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-11546
_____

CHRISTINE LOUGHMAN,

Plaintiff-Appellant,

versus

SOUTHWESTERN BELL TELEPHONE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
Dallas Division
(3:95-CV-2828-T)
_____

October 28, 1997

Before KING, DUHÉ and WIENER, Circuit Judges

PER CURIAM*:

Plaintiff-Appellant Christine Loughman appeals the district

court's grant of summary judgment in favor of her former employer,

Defendant-Appellee Southwestern Bell Telephone Company (SWBT),

dismissing her claim of discrimination under the Americans with

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Disabilities Act (ADA).[1]  Concluding that the district court's sua sponte grant of SWBT's motion was made without Loughman's being furnished notice as required by FED. R. CIV. P. 56(c), we reverse and remand for further proceedings.

I.

FACTS AND PROCEEDINGS

Loughman went to work for SWBT as a service representative for SWBT in November 1989, handling customer calls and entering service orders and other data into a computer.  In 1990, she began to show signs of carpal tunnel syndrome — a repetitive stress disorder that can be associated with sustained typing — in her right hand.  After a positive diagnosis, she underwent carpal tunnel release surgery in 1992.  In 1993, she underwent similar surgery for her left wrist after experiencing pain in her left hand.

Following the 1993 surgery, her physician imposed a work restriction requiring her to take one fifteen-minute break each hour.  During each such break, Loughman was not to type but would be permitted to perform other tasks.  SWBT refused to implement the work restriction,[2] which refusal allegedly caused Loughman further

---

[1]42 U.S.C. §12101 et seq. (1994).

[2]Loughman claims, on appeal, that SWBT permitted her to work under the conditions prescribed by her physician from May to October of 1994, after which SWBT discontinued its accommodation. This contention appears to be inconsistent with Loughman's complaint and her affidavit in support of her response to SWBT's motion for summary judgment.  SWBT does not acknowledge that it complied with the work restriction at any time.

injury. In November 1994, her physician advised her to take a leave of absence from work until January 1995. In response to her doctor's recommendation, SWBT placed Loughman on thirty days leave without pay. She returned to work in January 1995 but SWBT continued to deny her the prescribed typing breaks. Loughman claims that SWBT's refusal resulted in further injury that required yet another surgery in May 1995.

After the 1995 surgery, Loughman's physician released her to work in August but with permanent restrictions, including "no typing for more than thirty minutes at a time, with five minute breaks in between." SWBT did not permit Loughman to work with these typing breaks when she returned. It concluded —— based upon an internal study of service representatives and a videotape study of Loughman's work —— that no accommodation was necessary; according to these studies, Loughman's job did not require thirty minutes of continuous typing and, in fact, afforded her more non-typing time than prescribed by her doctors. Loughman refused to return to work without an accommodation authorizing the typing breaks prescribed by her physician,[3] and filed a Charge of Discrimination with the EEOC, leading to this case.

Loughman brought suit charging that SWBT discriminated against her, in violation of §12112(a), by refusing to accommodate her physical limitations. SWBT moved for summary judgment solely on

---

[3]SWBT claims that it deemed Loughman to have abandoned her job after her benefits expired; Loughman claims that SWBT fired her.

the ground that Loughman was not a "qualified individual with a disability" within the meaning of the ADA, and thus could not make out a prima facie case under the Act.[4]  The district court agreed that Loughman could not establish a prima facie case, but on a ground entirely different from the one urged in SWBT's motion for summary judgment.  In fact, for purposes of ruling on SWBT's motion, the court assumed that the conditions precedent to a discrimination claim under the ADA had been met, i.e., that Loughman suffered from a disability and that she was qualified to perform the essential functions of her job.  Nevertheless, the court determined that, under those of the facts that are undisputed, Loughman was not the victim of unlawful discrimination, and dismissed her case.

In its order, the district court characterized Loughman's discrimination claim as requiring her to show "(1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) that Southwestern Bell discriminated against her because of her disability."  With respect to the third element, the court appears to have conflated what this

---

[4]To establish a prima facie case of intentional discrimination under the ADA, the plaintiff must either present direct evidence of discrimination or show that: "(1) he or she suffers from a disability; (2) he or she is qualified for the job; (3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees." Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995).

4

Circuit recognizes as two separate elements needed to establish a prima facie case of discrimination under the ADA.[5] Among other things, the plaintiff must show both (1) that the defendant took an adverse employment action against the plaintiff, and (2) that the defendant replaced the plaintiff with a non-disabled person or treated the plaintiff less favorably than non-disabled employees.

The district court based its determination on SWBT's internal service representative study and video tape study of Loughman individually. The internal study indicated that service representatives averaged 11.1 minutes of typing per hour, with a standard deviation of 6.9 minutes. An analysis of the video tape study, according to a SWBT disabilities service manager, showed that Loughman spent most of her time at work talking, thinking and listening, rather then entering data into a computer. The studies reflected that the average service representative spends less than twenty minutes per hour actually typing and that Loughman's work did not require continuous data entry. The court concluded that, inasmuch as the physician-mandated work restriction was already a facet of Loughman's job, the typing breaks were not a necessary accommodation under the ADA and, as a result, SWBT acted reasonably and not discriminatorily in refusing to implement the prescribed breaks. In drawing its conclusion, the court relied additionally

_____

[5] Daigle, 70 F.3d at 396; Burch v. Coca-Cola Co., 119 F.3d 305, 320 (5th Cir. 1997). This conflation, however, does not affect our analysis of the district court's order.

5

on Loughman's failure to point to any evidence indicating the amount of time that she actually spent typing as well as her failure to contest the validity of SWBT's studies. Dismissing as insufficient the "vague" statement in Loughman's affidavit that she typed "extensively," the court determined that no evidence contradicted the results of SWBT's studies.

Loughman timely appeals the district court's order, arguing that it granted summary judgment sua sponte on an entirely different ground than the one advanced by SWBT in its summary judgment motion. She contends that the court thus erred reversibly when it granted summary judgment without providing her ten days notice of its intention to consider granting the motion on grounds other than those advanced by the movant. Alternatively, Loughman argues that even if the court's consideration of the discrimination question was proper, it nonetheless erred in granting the motion because there was sufficient evidence in the record to create a fact issue on the matter. As evidence that the prescribed work restrictions were necessary and that SWBT's refusal to implement them thus constitutes discrimination against her on the basis of her disability, Loughman points, inter alia, to the facts that (1) she was injured in the course of performing her job without the recommended breaks, (2) her treating physician disagreed with the results of the service representative study, and (3) given the opportunity, she would have contested the accuracy of the studies.

II.

6

ANALYSIS

A.   STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, applying the same standards as the district court.[6]  Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[7]

B.   APPLICABLE LAW[8]

A district court cannot grant summary judgment sua sponte unless it gives ten days notice to the adverse party.[9]  Absent

---

[6]Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997).

[7]River Prod. Co., Inc. v. Baker Hughes Prod. Tools, Inc., 98 F.3d 857, 859 (5th Cir. 1996)(citing Fed. R. Civ. P. 56(c)).

[8]We do not address whether Loughman discharged her burden of producing evidence on the discrimination question as we agree with her contention that the court erred by considering the motion on its own grounds without giving her proper notice.  As an alternative basis for affirming the district court's order, SWBT reurges the original grounds upon which it sought summary judgment, i.e., that Loughman cannot prove that she is a qualified individual with a disability within the meaning of the ADA.  Notwithstanding our de novo review of orders granting summary judgment, we decline to address this issue given that (1) the district judge assumed, without deciding, that Loughman was a qualified individual with a disability, and (2) the issue was not briefed by Loughman and was not raised as a point of error; rather, it was raised by SWBT as an alternative ground for affirmance.  Even so, we have the distinct impression that the summary judgment evidence in the record on appeal is sufficient to demonstrate the existence of material issues of fact on the question of ADA discrimination.

[9]Judwin Properties, Inc. v. United States Fire Ins. Co., 973 F.2d 432, 436-37 (5th Cir. 1992); John Deere Co. v. American Nat'l

formal notice, the nonmoving party may nevertheless be deemed to be on notice —— enabling a court to enter summary judgment <u>sua</u> <u>sponte</u> —— if the basis on which the motion is granted is otherwise raised in a manner sufficient to make the nonmoving party aware that failure to present evidence on the issue could be grounds for summary judgment.[10]

SWBT argues that the district court did not enter summary judgment <u>sua</u> <u>sponte</u>. Rather, insists SWBT, the court did not act of its own volition or without prompting from a party, but in response to SWBT's detailed motion. In so arguing, SWBT misconstrues the meaning of "sua sponte" in the context of summary judgment consideration. A court enters a summary judgment <u>sua</u> <u>sponte</u> when it grants the motion on grounds other than those urged by the movant.[11] In such instances, FED. R. CIV. P. 56(c)'s ten-day notice requirement mandates that the court afford the nonmoving party "an opportunity to respond and develop the record in

---

<u>Bank</u>, 809 F.2d 1190, 1191 (5th Cir. 1987); <u>Capital Films Corp. v. Charles Fries Prods., Inc.</u>, 628 F.2d 387, 391 (5th Cir. 1980).

[10]<u>See</u> <u>John Deere</u>, 809 F.2d at 1191; <u>See</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.").

[11]<u>See</u> <u>John Deere</u>, 809 F.2d at 1192 ("Since the district court relied on grounds not advanced by the moving party as a basis for granting summary judgment, and did not give proper notice to the [adverse party] before granting judgment on such grounds, its judgment cannot be upheld on appeal."); <u>see</u> <u>also</u> <u>Judwin</u>, 973 F.2d at 436-37.

opposition to requested summary judgment."[12]

SWBT further argues that Loughman was on notice that SWBT was seeking summary judgment on the ground that she could not meet her burden of production on any of the elements of her discrimination claim, expressly including the question whether SWBT's denial of the prescribed typing breaks constituted an adverse employment action. In support of its argument, SWBT maintains that Loughman was aware that her ADA claim was being challenged in its entirety and that SWBT had offered undisputed summary judgment evidence that she was not required to type for periods longer than recommended by her doctors.

Our review of SWBT's motion and its brief filed in the district court in support of that motion convinces us that the necessity of Loughman's medical restrictions — and, therefore, the question whether SWBT's refusal to implement her requested accommodation amounted to an adverse employment action — was not raised in a manner sufficient to put Loughman on notice that her failure to present evidence on the issue could be grounds for a summary judgment dismissing her claims. At the outset of its motion, SWBT explicitly stated that summary judgment should be entered because Loughman could not prove an essential element of her claim — namely, that she is a qualified individual with a disability. Likewise, SWBT's district court brief in support of

---

[12]John Deere, 809 F.2d at 1192, n. 2

9

its motion is dedicated exclusively to advocating dismissal on that ground. SWBT mentions the issue on which the district court granted summary judgment only in passing, noting that, "[o]ne does not reach the reasonableness of the accommodation sought until first establishing that the plaintiff is disabled within the meaning of the ADA." SWBT did not propose dismissal on the adverse employment action element of Loughman's claim until its reply brief in support of its motion, by which time Loughman could not have presented evidence on the issue for the court's consideration.

SWBT also argues that even if the court's order was entered sua sponte, it still should stand because the deadline for designating testifying experts and expert reports, as mandated by the Scheduling Order, had passed by the time the court considered the motion. Thus, asserts SWBT, even if Loughman had received the ten-day notice, it would have been to no avail because she could not have introduced testimony to controvert SWBT's evidence that the requested accommodation was unnecessary. Even assuming, arguendo, that Loughman were precluded from presenting controverting expert testimony, such preclusion would not be fatal to her case. We are not persuaded that expert testimony would be required to create genuine issues of material fact concerning the necessity of Loughman's proposed accommodation.[13] In fact, we discern that, in its present state, the record contains disputed

_____

[13]Loughman, with or without the assistance of expert testimony, could challenge the validity of the SWBT studies relied on by the district court in finding that the requested accommodation was unnecessary.

10

factual issues on that very question.

When a district court enters summary judgment <u>sua</u> <u>sponte</u> without ensuring that the nonmoving party has had adequate notice of the court's intentions, we are constrained to reverse. The nonmovant is entitled to an opportunity to present his case to the court prior to such a dismissal, "[e]ven though summary judgment may have been proper on the merits."[14] Under the instant circumstances, Loughman was deprived of such an opportunity.

III.

CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.

---

[14]<u>Judwin</u>, 973 F.2d at 437. <u>See</u> <u>also</u> <u>John Deere</u> 809 F.2d at 1192 ("Since the district court's grant of summary judgment was not based on grounds advanced by the [defendant], and no opportunity was given to [the plaintiff] to respond, we must reverse.").

11